**UNITED STATES of America, Appellee,**

**v.**

**William CARTER, Appellant.**

**No. 14084.**

United States Court of Appeals, Fourth Circuit.

June 26, 1970.

Donald Daneman, Baltimore, Md., for appellant.

Stephen H. Sachs, U. S. Atty., D. Maryland, and Paul M. Rosenberg, Asst. U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BUTZNER, Circuit Judges.

PER CURIAM:

On appeal from his conviction of bank robbery [18 U.S.C. § 2113] after a trial to the court, Carter contests the legal sufficiency of the evidence to warrant his conviction. We find oral argument unnecessary and grant the government's motion for summary affirmance.

Apart from certain identification testimony expressly excluded from the judge's consideration, the principal evidence of Carter's guilt, and the only evidence directly implicating him, was the testimony of two of his accomplices, who identified him positively as an active participant. Both accomplices were subjected to extensive cross-examination dealing with prior inconsistent statements. Carter concedes that their testimony, even without corroboration, is sufficient if believed to warrant the finding of guilt. United States v. Maddox, 394 F.2d 297 (4th Cir. 1968). However, he urges that because of their prior inconsistent statements their testimony should be held incredible as a matter of law. We find the argument unpersuasive. In *Maddox*, as here, the accomplice's testimony was impeached on the basis of prior inconsistent statements. Such statements are obviously relevant to a determination of the credibility of the witness, but they do not obviate the right and obligation of the trier of fact to make that factual determination, difficult though it may be. In this case the record demonstrates the trial judge's acute awareness of his obligation in this regard. After a careful consideration of all relevant factors, the judge concluded that the in-court testimony of the two accomplices was true.

Affirmed.